THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Civil File No:

| | |
|---|---|
| STORK NEWS OF AMERICA, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PATRICE AND JOE ROACH d/b/a ) <br> BUNDLES OF JOY and DELAWARE ) <br> STORK NEWS ) <br> ) <br> Defendant. ) | COMPLAINT |

## PARTIES

1. Plaintiff Stork News of America, Inc. ("Stork News") is a North Carolina corporation that sells franchise services for newborn announcement services and products, with its principle place of business in Fayetteville, North Carolina.

2. Defendants Patrice and Joe Roach ("Defendants") are residents of New Castle, Delaware who do business as Bundles of Joy.

3. Defendants were a franchisee of Plaintiff for many years and conducted their franchise business under the name "Delaware Stork News" and "Stork News of Delaware." Plaintiff terminated Defendants' franchise.

## JURISDICTION AND VENUE

4. Defendants regularly engage in business in this judicial district, and their actions have caused harm within this judicial district. Therefore, this Court has jurisdiction over the parties.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and (b) and § 1367(a).

47324 v1

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**FACTS**

7. Stork News and its franchisees have been selling birth announcement services throughout the United States for approximately twenty years. Stork News and its franchisees have been using the same designs the entire twenty years. Today, there are over 100 Stork News franchisees throughout the United States.

8. Stork News owns numerous federal copyright registrations for stork designs, to include registrations for:

    a. Design of a stork, which is the subject of Federal Copyright Registration No. Va 286-625;

    b. Baby bundle design, which is the subject of Federal Copyright Registration No. Va 286-393; and

    c. Stork and baby bundle combination, which is the subject of Federal Copyright Registration No. Va 286-624;

9. Stork News is also the owner of U.S. Trademark Registration No. 1,382,781, which registration is now incontestable. The registered mark comprises the name "Stork News" plus a stork and baby bundle design. Stork News has used the name "Stork News" and the stork and baby bundle design as service marks for approximately twenty years. The name is the subject of U.S. Trademark Registration No. 2,777,663.

10. Stork News' trademarks are inherently distinctive. Further, due to substantial effort, time, and expense, Stork News has developed widespread and valuable goodwill that has become associated with the Stork News trademarks. Stork News and its franchises have enjoyed

strong market success across the United States based on the goodwill and marketability of Stork News' copyrighted and trademarked designs and services.

11.  Defendants were a franchisee of Stork News, renting birth announcement signs purchased from Stork News under their franchise agreement.

12.  While Defendants were still a franchisee, Defendants did not pay their franchise fees in breach of their franchise agreement.

13.  Defendants also failed to pay the finance charges incurred by the delay in payment of their annual franchise fees.

14.  Defendants failed to pay $14,400 in franchise fees and finance charges.

15.  On September 17, 2002, Defendants wrote to Plaintiff's attorney, stating that they recognized that they still owed Plaintiff for their outstanding balance.

16.  In spite of Defendants' acknowledgement and agreement to pay their debt to Stork News, Defendants have not done so.

17.  Because Defendants did not pay their franchise fees, Plaintiff terminated the franchise.

18.  Upon termination of their franchise, Defendants continued to rent the Stork News birth announcement signs.

19.  Defendants continued to operate under "Stork News," "Delaware Stork News," and "Stork News of Delaware" after the termination of their franchise. Defendants also began doing business as "Bundles of Joy."

20.  Defendants used the Stork News birth announcement signs to market and provide identical services to the identical group of consumers to whom Defendants had previously serviced as Plaintiff's franchisee.

3

21. Due to Defendants' continued use of the Stork News name in conjunction with maintaining a phone listing under that name, numerous consumers in the area actually believe Defendants still maintain a Stork News franchise.

22. Defendants' treatment of these consumers harms the goodwill and reputation of Stork News and unjustly enriches Defendants.

## COUNT I
## COPYRIGHT INFRINGEMENT 17 U.S.C. § 501 ET SEQ.

23. Stork News realleges paragraphs 1 through 22.

24. Defendants infringed Stork News' exclusive rights under 17 U.S.C. § 106 in Stork News' copyrighted designs.

25. Defendants did not seek or obtain Stork News' consent to use the copyrighted designs of Stork News' storks after termination of Defendants' franchise agreement.

26. Defendants have infringed one or more of Stork News' copyrights, to include without limitation Stork News' rights inherent in its federal copyright registrations.

27. The actions of Defendants alleged herein were committed willfully and in deliberate disregard for Stork News' copyrights.

## COUNT II
## TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

28. Stork News realleges paragraphs 1 through 27.

29. Stork News did not authorize Defendants to use Stork News' name or stork and baby bundle design that are the subject of Stork News' trademark registrations or to represent in any way that Defendants' goods and services are in any way associated with Stork News.

30. Defendants market baby announcement goods and services identical to the services Stork News offers, under the same stylized stork design. Defendants market these same

4

services to identical consumers of Stork News in Stork News' geographic areas of trade. Such contemporaneous use is likely to confuse, and has actually confused, consumers into believing that the services offered by Defendants originate from, are authorized by, or are somehow affiliated with Stork News.

31. Defendants market birth announcement services under the "STORK NEWS" mark although their franchise has been terminated. Customers responding to such marketing are likely to believe they are contacting an authorized franchise of Stork News when responding to such advertisements. All phone listings that Defendants have marketed in conjunction with the Stork News trademark should be assigned to the exclusive control of Stork News so that consumers seeking Stork News services through such listings may in fact contact Stork News or one of its franchisees.

32. Defendants intentionally and knowingly infringed Stork News' registered trademark rights.

33. Defendants' infringing activities caused Stork News to lose control of its hard earned reputation, have damaged Stork News' good faith among consumers, and have diverted sales away from Stork News and to Defendants.

### COUNT III
### DECEPTIVE TRADE PRACTICES
### Del. Code Ann. tit. 6, § 2532

34. Stork News realleges paragraphs 1 through 33.

35. At all times relevant to this action, Defendants engaged in business in and affecting commerce in Delaware.

36. The above described tortious conduct of Defendants occurred and affected commerce in the State of Delaware.

37.     The above described tortious conduct of Defendants constitutes unfair, misleading and deceptive acts or practices affecting commerce in the State of Delaware. Such conduct constitutes deceptive trade practices.

## COUNT IV
## BREACH OF CONTRACT

38.     Stork News realleges paragraphs 1 through 37.

39.     Defendants entered into a franchise agreement with Stork News in 1996.

40.     As part of the agreement, Defendants were required to pay an annual fee and finance charges for late payment of fees.

41.     Defendants failed to pay annual franchise fees and finance charges in the amount of $14,400.

42.     Stork News' damages are $14,400 plus additional finance charges Defendants incur after the filing of this lawsuit.

## **PRAYER FOR RELIEF**

Stork News respectfully requests the Court to:

A.      Permanently enjoin Defendants from infringing Stork News' copyrights and trademarks;

B.      Require Defendants to turn over any Stork News signs in their possession to Stork News;

C.      Enjoin Defendants from competing with Stork News for a period of time;

D.      The Court grant any and all relief to which Stork News may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1125(a), and 1125(c), and the Copyright Act, 17 U.S.C. §§ 502, 503, 504, and 505, to include the greater of the maximum allowable statutory and punitive damages for willful copyright infringement, compensation for damages, and

disgorgement and trebling of all profits, with Stork News making its election of remedies after the finder of fact or court of law determines an appropriate amount under each remedy;

E. Order an accounting of the revenues and profits Defendants derived from their tortious activities and disgorge all such revenues and profits to Stork News;

F. Order Defendants to immediately transfer control to Stork News of all phone listings under which Defendants have marketed with Stork News trademarks, to include under the name "STORK NEWS";

G. Enter judgment against Defendants for damages caused by their violations of Del. Code Ann. tit. 6, § 2532 to include, but not limited to, their profits and Stork News' actual damages, said damages to be shown at the trial of this action;

H. Enter judgment against Defendants for damages caused by their breach of contract;

I. Award Stork News treble its damages, and Stork News' attorney fees, pursuant to Del. Code Ann. tit. 6, § 2533;

J. Award Stork News its attorney fees and costs; and

K. Grant such other and further relief as the Court may deem just and appropriate.

This the 6th day of April, 2005.

                                                **SEITZ, VAN OGTROP & GREEN, P.A**

                                                /s/ Kevin A. Guerke
                                                KEVIN A. GUERKE, ESQ. (DE4096)
                                                kguerke@svglaw.com
                                                222 Delaware Avenue, Suite 1500
                                                P. O. Box 68
                                                Wilmington, DE 19899
                                                (302) 888-0600
                                                             Attorneys for Plaintiff

OF COUNSEL:

Anthony J. Biller
abiller@coatsandbennett.com
North Carolina State Bar No. 24,117
Rebecca E. Crandall
rcrandall@coatsandbennett.com
North Carolina State Bar No. 32,637
Coats & Bennett, P.L.L.C.
1400 Crescent Green, Suite 300
Cary, NC  27511
Telephone No.:  (919) 854-1844
Facsimile No.:   (919) 854-2084